IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DARREN TIPPENS | : | |
| Plaintiff, | : | Case No: 2:05-cv-421 |
| vs. | : | JUDGE SARGUS |
| AIRNET SYSTEMS, INC. | : | MAGISTRATE JUDGE ABEL |
| Defendant. | : | |

**PLAINTIFF DARREN TIPPENS' MOTION IN LIMINE TO BAR CERTAIN OF DEFENDANT'S EXHIBITS AND POTENTIAL EVIDENCE**

Now comes Darren Tippens, by and through counsel, and hereby requests that this Court bar evidence on the following areas: (I) all evidence of the receipt of, and amount of, Social Security Disability benefits received by Tippens; (II) all evidence of application, receipt of and amount of unemployment compensation benefits; and, (III) documents regarding alleged available job openings in the Columbus, Ohio area. Plaintiff sets forth his supporting arguments more fully in the following memorandum.

Respectfully Submitted,

s/ Nicholas E. Kennedy
Nicholas E. Kennedy (0070310)
Trial Attorney for Plaintiff
Gary A. Reeve (0064872)
Kennedy Reeve & Knoll
98 Hamilton Park
Columbus, Ohio  43203
(614) 228-2050

**MEMORANDUM IN SUPPORT**

Tippens will address each exhibit and/or type of evidence separately below.

**I.  The Court must bar evidence of Plaintiff's receipt of, and the amount of, Social Security Disability benefits beyond allowing into evidence the application for such benefits.**

Any disability benefits actually received by Tippens constitute a collateral benefit that may not be taken into consideration by a jury in determining back pay for the purpose of damages.  NLRB v. Gullett Gin Co., 340 U.S. 361, 364 (1951); Rasimas v. Mich. Dept. of Mental Health, 714 F. 2d 614, 627 (6th Cir. 1983).  *Accord* Thurman v. Yellow Freight Systems, Inc., 90 F.3d 1160 (6th Cir.1996) (unemployment benefits and workers' compensation benefits are collateral source benefits); Knafel v. Pepsi-Cola Bottlers of Akron, Inc., 899 F.2d 1473, 1480 (6th Cir. 1990)("[T]he court correctly applied the law in finding that workers' compensation, like unemployment benefits, are subject to the collateral source rule.")

The Sixth Circuit approach to collateral benefits is followed by other federal appellate circuits. *See, e.g.,* Arneson v. Callahan, 128 F.3d 1243, 1248 (8th Cir. 1997)("We affirm the district court's refusal to deduct Arneson's disability benefits from his back pay award because these benefits were from a collateral source and should not be considered interim earnings."); Promisel v. First American Artificial Flowers, Inc., 943 F.2d 251 (2d Cir.1991), *cert. denied*, 502 U.S. 1060 (1992) (noting cases ruling that social security benefits should not be set off from ADEA lost wages award, although not reaching the issue); Maxfield v. Sinclair Int'l, 766 F.2d 788, 793-94 (3d Cir.1985), *cert. denied*, 474 U.S. 1057 (1986) (refusing to offset social security benefits); Guthrie v. J.C. Penney Co., Inc., 803 F.2d 202, 209 (5th Cir.1986) (same); Gaworski v. ITT Commercial Finance Corp., 17 F.3d 1104, 1112 (8th Cir.),*cert. denied*, 513 U.S. 946 (1994) (same).

**II. The Court must bar evidence of Plaintiff's receipt of, and the amount of, unemployment compensation benefits.**

The collateral source rule is a substantive rule of law that bars an unlawful actor from reducing damages owed to a plaintiff by the amount of recovery the plaintiff receives from sources that are collateral to the bad actor. Jackson v. City of Cookeville, 31 F.3d 1354, 1359 (6th Cir. 1994). The Sixth Circuit has specifically determined that unemployment compensation is a collateral source to which the rule applies in civil rights cases. *See* Rasimas v. Michigan Dep't of Mental Health, 714 F.2d 614, 627 (6th Cir. 1983); Thurman v. Yellow Freight Systems, Inc., 90 F.3d 1160 (6th Cir. 1996).

Plaintiff asserts, and has case precedent to support, that the rule regarding unemployment benefits as a collateral source applies equally to FMLA cases. Dunning v. United Parcel Service, 471 F.Supp.2d 795, 813 (E.D.Mich. 2007), *citing* Thurman v. Yellow Freight Systems, Inc., 90 F.3d 1160 (6th Cir. 1996), *citing* Thurman (granting Motion in Limine barring introduction of evidence of unemployment benefits in an FMLA case); Pellow v. Daimler Chrysler Servs. North America, LLC, Case No. 05-73815, 2005 U.S. Dist. LEXIS 62046, *35-36 (E.D.Mich. August 31, 2006).

It is obvious from Defendant's Exhibit No. 13 that it intends to try to introduce the fact that Tippens received unemployment benefits, and the amounts he received, into evidence at trial.  The introduction of such evidence would only serve to confuse the jury, and has no relevance of any kind in the proceeding.  The introduction of the exhibit, and of any evidence regarding the collateral source of unemployment compensation benefits, must be barred by the Court.

3

**III. The Court must bar the introduction of Defendant's Exhibit 14, "[d]ocuments evidencing available janitorial and other comparable positions in Columbus, Ohio area."**

The Court must bar evidence of alleged "janitorial and other comparable positions in Columbus, Ohio area" because Airnet has failed to produce the documents during discovery pursuant to a lawful request by Tippens. This means that Tippens is prejudiced in that he cannot mount a defense to the information contained in the documents based on the mitigation criteria set forth in the law.

On December 15, 2005, Airnet, by and through its counsel, responded to Tippens' First Request for Production of Documents,[1] specifically to Request No. 10, which read, in pertinent part:

> Produce any and all documents…regarding the claims set forth in …Defendant's affirmative defenses.

Airnet's Fifth Defense in its Answer to Tippens' Complaint was, "[p]laintiff has failed to mitigate his damages, if any." Airnet's Response to Documents Request No. 10, other than its objections, was that "responsive documents are produced." Tippens asserts that the only "job opening" documents produced was a listing of Airnet job openings allegedly sent to Tippens after his discharge. No other documents were produced that could remotely be considered "[d]ocuments evidencing available janitorial and other comparable positions in Columbus, Ohio area."

Sixth Circuit law in this area is quite clear as to what constitutes the ex-employee's "duty to mitigate":

> Mitigation of damages is an affirmative defense upon which the employer
> bears the burden of proof. <u>NLRB v. Westin Hotel</u>, 758 F.2d 1126, 1130
> (6th Cir. 1985). The employer's burden of proof in attempting to show a
> failure to mitigate has been defined as follows:
>
> > A former employer meets its burden of proof of "mitigation of

---

[1] Attached as Ex. 1 to this Motion.

4

>damages" if the former employer proves that (a) one or more discoverable opportunities for comparable employment were available in a location as convenient as, or more convenient than, the place of former employment, (b) the improperly discharged employee unreasonably made no attempt to apply for any such job, and (c) it was reasonably likely that the former employee would obtain one of these comparable jobs.
>
>Black v. School Committee of Malden, 369 Mass. 657, 341 N.E.2d 896, 900 (Mass. 1976). See also Rasimas v. Michigan Dept. of Mental Health, 714 F.2d 614, 624 (6th Cir. 1983), cert. denied, 466 U.S. 950, 80 L. Ed. 2d 537, 104 S. Ct. 2151 (1984).

*Dushaw v. Roadway Express,* 816 F.Supp. 1229, 1234 (N.D.Ohio 1992).

Tippens can only reasonably assume that Airnet will try to use newspaper want ads and/or Ohio Department of Job & Family Services listings (or other similar documents) to allege that "one or more discoverable opportunities for comparable employment were available in a location as convenient as, or more convenient than, the place of former employment." Tippens' counsel obviously cannot assess, for purposes of defending against mitigation attacks, whether the jobs listed were "comparable," nor whether they were situated in a "location as convenient as, or more convenient," than Tippens' employment with Airnet. Airnet's failure to produce these documents in a timely fashion, indeed its failure to produce them at all, creates unlawfully prejudicial trial by surprise on this issue.

Fed.R.Civ.P. Rule 37 reads, in pertinent part:

>(c) Failure to Disclose; False or Misleading Disclosure; Refusal to Admit.
>
>(1) A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions

5

authorized under Rule 37(b)(2)(A), (B), and (C) and may include informing the jury of the failure to make the disclosure.

\* \* \* \* \*

(b) Failure to comply with order

(2) Sanctions by Court in Which Action Is Pending. If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule or Rule 35, or if a party fails to obey an order entered under Rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;

It is plain from the language of the Federal Rules that the sanction set forth in Rule 37(b)(2)(B) is applicable to situations of simple blatant non-disclosure, as well as to failures to follow Rule 37 orders of the Court. Johnson v. United Parcel Service, Inc., 236 F.R.D. 376, 377-78 (E.D.Tenn. 2006). If such documents were not available at the time of initial production, the documents most certainly were the subject of Airnet's duty to seasonably supplement its responses pursuant to Fed.R.Civ.P. 26(e). Id., at 378. Airnet has abused the Federal Rules, and the proper sanction is the barring of the introduction of its Exhibit 14 into evidence.

Respectfully Submitted,

s/ Nicholas E. Kennedy
Nicholas E. Kennedy (0070310)
Trial Attorney for Plaintiff
Gary A. Reeve (0064872)
Kennedy Reeve & Knoll
98 Hamilton Park
Columbus, Ohio 43203
(614) 228-2050

6

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Motion in Limine was electronically filed with the Clerk of Courts through the CM/ECF system, which will send notification of such filing to Defendant's counsel via electronic mail.

s/ Gary A. Reeve  
Gary A. Reeve